(38 App. Div. 311.)

### ABE STEIN CO. v. ROBERTSON.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

SALE—CONTRACT—CONDITIONS.

> Under a contract of sale of skins expected to arrive from a foreign country, to be shipped immediately; skins to be of the usual good quality; any question of quality to be decided by the broker, and his decision to be final; with the condition, "no arrival, no sale,"—the goods arriving, but being decided not to be of the quality described, the buyer may recover damages; the contract not being conditional, except as to the question of arrival.

Appeal from trial term, New York county.

Action by the Abe Stein Company against Julius Robertson. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles E. Rushmore, for appellant.
S. Livingston Samuels, for respondent.

RUMSEY, J.    On the 24th of May, 1895, the defendant entered·
into a contract with the plaintiff, of which the following is a copy:

"New York, May 24th, 1895.

"Sold, for account of Messrs. L. F. Robertson & Son, to the Abe Stein Company, about 85,000 Tientsin goatskins, firsts, 1⅝ to 2 lbs. avg., expected to arrive from China, at 22 cts. per lb.    Goods to be shipped immediately by steamer or steamers to New York.    About ⅔ of lot to be medium black haired skins, and the remainder ⅓ white or gray haired skins, of which 40 per cent. medium hair, sixty per cent. medium to long hair.    Skins to be of the usual good quality of this province.    Any question of quality to be decided by selling brokers, and their decision to be final and binding on both parties.    Terms net cash, and to be taken from the wharf.

"John Andresen & Son, Brokers."

Two days afterwards it was arranged between the parties "that
the usual condition of 'no arrival, no sale' holds true, and that the
sellers are to notify the buyers upon what vessel or vessels the goods
were shipped."    Subsequently the sellers notified the broker of the
arrival of a portion of the goods, which were inspected by him, but
he determined that they were not of the quality prescribed in the
contract.    As subsequent shipments were received, they also were
examined by the broker, and he reached the same conclusion with
regard to them.    The plaintiff therefore refused to receive them, and
brought this action for the damages which it had sustained by the
failure to deliver the goods contracted for.    Upon the trial there was
no serious question of the amount of damages, and a verdict was
ordered for the plaintiff for the amount proved, and upon which a
judgment was entered.    A motion was made for a new trial, which
was denied, and from the order and judgment the defendant takes
this appeal.

It is urged by the defendant that the contract was conditional, not
only as to its performance, but as to its existence, and that because
it contained the condition that, if there was no arrival of the goods,
there was no sale, if the goods specified in the contract, of the quality
therein prescribed, did not in fact arrive, therefore the contract was
at an end; and he based his argument for a reversal of this judgment
upon that proposition, and enlarged upon it in his supplemental brief,
which we have considered.    It is quite true that in the case of the
sale of goods already in transit, where there is no warranty that the
shipment has been made, and where the fact of shipment may be uncertain, the existence of the contract itself is conditional upon the
arrival of the goods of the quality which is specified in it.    Shields
v. Pettie, 4 N. Y. 123.    In such contracts, if the goods contracted
for do not arrive, either because the vessel is lost, or for any other reason, without fault or fraud of the seller, the contract is at an end.
Benj. Sales, § 578 et seq.; Neldon v. Smith, 36 N. J. Law, 148, 154.
But such a condition as to the existence of the contract has never been
held to arise where the contract either contains a warranty that the
shipment had been made (Benj. Sales, § 580 et seq.), or an express
agreement on the part of the seller to make the shipment within a
specified time (Norrington v. Wright, 115 U. S. 188, 6 Sup. Ct. 12;
Bowes v. Shand, 2 App. Cas. 455).    In such a case the contract becomes at once an existing contract, and the agreement as to the quality

of the goods is a condition precedent to their receipt by the buyer, which must be performed by the seller; and, unless he ships goods of the quality required by the contract, he fails to perform it, and the buyer is entitled to damages for such failure (Clark v. Fey, 121 N. Y. 470, 24 N. E. 703; Eppens, Smith & Wiemann Co. v. Littlejohn, 27 App. Div. 22, 50 N. Y. Supp. 251), because, as the seller has expressly agreed to ship the goods, a failure to arrive, resulting only from his failure to ship, is caused by the default of the seller, and does not operate to relieve him from his contracts. In this case, the contract containing the provision that the goods were to be shipped immediately by steamer or steamers to New York, the defendant was bound to ship goods of the quality required; and, if he failed to do it, he was liable for a breach of the contract. By the contract, the question of quality was to be decided by the selling brokers, and their decision was to be final and binding on both parties. It is not disputed that the selling brokers decided that the goods were not skins of the usual quality of the province of Tientsin, which, by this contract, they were to be. It is not claimed that there was any fraud or mistake or collusion on their part, and therefore their decision upon that point was final. Commissioners v. Sullivan, 11 App. Div. 472, 42 N. Y. Supp. 358; Wahl v. Barnum, 116 N. Y. 91, 22 N. E. 280.

For these reasons the judgment and order appealed from was correct, and must be affirmed, with costs to the respondent. All concur.